IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 10-cv-422-PB |
| ) | |
| **Fourteen Thousand Eight Hundred Forty-Eight,** ) | **JURY TRIAL REQUESTED** |
| **($14,848.00) Dollars, more or less, in U.S.** ) | |
| **Currency, seized from Steven Buchanan** ) | |
| ) | |
| ) | |
| **Defendant-in-rem** ) | |
| _____ ) | |

## ANSWER OF CLAIMANT STEVEN BUCHANAN

NOW COMES Steven Buchanan, (the "Claimant"), by and through counsel, Wilson, Bush, Durkin & Keefe, P.C., and submits the following Answer pursuant to Supplemental Rule g(5)(b) to the United States' Verified Complaint for Forfeiture In Rem Pursuant to Supplemental Rule G. In support of this answer, the Claimant asserts the following:

### Nature of the Action

This allegation by the United States merely describes the nature of the action and does not require a response by the Claimant.

### Jurisdiction and Venue

These allegations are an assertion of law and do not require a response.

### The Defendant In Rem

The Claimant admits to the accuracy of the description of the Defendant In Rem.

### Facts

  A. The allegations in Paragraph 1 are admitted.

  B. The Claimant denies the allegation that "a male ran from the side of the building into the employee entrance." The Claimant is without sufficient knowledge as to the rest of the allegations in this paragraph, and he puts the United States to its proof.

  C. The Claimant is without sufficient knowledge as to the allegations in this paragraph, and he puts the United States to its proof. However, he asserts is extremely difficult to see into the subject garage through the subject windows.

  D. The Claimant admits the allegations contained in paragraph 4.

  E. The Claimant admits the allegations contained in paragraph 5, except for any observations by the subject officer of the odor of marijuana or the appearance of the Claimant's eyes. As to those allegations, the Claimant is without sufficient knowledge, and he puts the United States to its proof.

  F. Regarding paragraph 6, the Claimant admits that the officer asked him for his identification, that he went into the garage to retrieve it, went to a table that held a toolbox and pair of jeans, removed items from a pair of jeans and placed them on the table. Claimant denies he covered anything with a pair of jeans. The Claimant is without sufficient knowledge as to whether the officer watched him, and he puts the United States to its proof.

  G. The Claimant admits the first allegation in paragraph 7. However, he told the officer that he did not have his license because it was suspended.

  H. The Claimant admits to the allegations contained in paragraph 8. The Claimant asserts that the officer stated words to the effect, "We can make this a big deal, or if its something small we can take care of it."

  I. The Claimant admits the allegations in paragraph 9 to the extent that the officer requested the Claimant to retrieve the marijuana and stated he was going to enter the garage with

the Claimant.  The Claimant is without sufficient knowledge as to what the officer was thinking, and he puts the United States to its proof.  The Claimant denies he agreed to let the officer into the garage, but acquiesced to the officer's perceived demand.  The Claimant admits the remainder of the allegations in this paragraph except for the specific weight of the marijuana.  The Claimant is without sufficient knowledge as to this, and he puts the United States to its proof.

  J. The Claimant admits the first two allegations in paragraph 10.  The allegation that the Claimant lifted the jeans or removed money is denied, as well as the allegation the Claimant pulled out or removed any money from under or inside a pocket of the jeans.  The Claimant submits the officer did this, and there were two groupings of money on the subject table.  The Claimant admits the remainder of the allegations.

  K. The Claimant denies he spoke with more than one officer as alleged in paragraph 11.  The Claimant denies he ever said he does not "usually" sell drugs.  The Claimant asserts that he stated he does not "tend" to sell drugs.  The Claimant admits the remainder of the allegations in this paragraph.

  L. The Claimant admits the allegations in paragraph 12.

  M. The Claimant is without sufficient knowledge as to the allegations contained in paragraph 13, and he puts the United States to its proof.

  N. The Claimant is without sufficient knowledge as to the allegations contained in paragraph 14, and he puts the United States to its proof.

  O. The Claimant admits the allegations contained in paragraph 15.

  P. The Responses set forth in paragraphs A through O above are incorporated herein by reference.

## **Claim for Forfeiture**

  Q. Paragraph 16 sets forth a statement of law and requires no response.

R.      Paragraph 17 sets forth a statement of law and requires no response.

S.      The Claimant denies the allegations contained in paragraph 18.

T.      The Claimant denies the allegations contained in paragraph 19.

## **Affirmative and Other Defenses**

1. The Claimant generally denies that the property identified in the Defendant In Rem is forfeitable to the United States as it was neither furnished or intended to be furnished in exchange for controlled substances, or represents proceeds traceable to such exchanges, or money used or intended to be used to facilitate violations of the Controlled Substances Act.

2. The Claimant asserts that forfeiture of the Defendant in Rem constitutes an excessive fine under 18 U.S.C. § 983(g) and the Eight Amendment to the United States Constitution, and reserves the right to petition the Court to reduce or eliminate the forfeiture.

Dated: November 22, 2010

Respectfully submitted,
Steven Buchanan

By his attorneys,
Wilson, Bush, Durkin & Keefe, P.C.

By: /s/ Charles J. Keefe
Charles J. Keefe, NH Bar #14209
184 Main Street, Suite 222
Nashua, NH 03060
(603) 595-0007
keefe@wbdklaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Answer was served on this date upon AUSA Robert Rabuck, Attorney for the United States as designated under the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, via ECF filing at:

Rob Rabuck, Esq.      rob.rabuck@usdoj.gov

/s/ Charles Keefe
Charles Keefe